### LAZENBY v. LAZENBY.

A, a relative of B, but not his heir at law, was the chief beneficiary and sole executor named in the will of B, and the grantee in a deed from B, conveying valuable property. After the death of B the will was propounded for probate, and the heirs of B filed a caveat thereto on the ground of lack of testamentary capacity in the testator, undue influence exercised upon B by the named executor, and other grounds. They also filed an equitable petition attacking the deed upon grounds similar to those set forth in the caveat to the will. C, also a relative of the deceased, but not an heir at law, knew of facts tending to support the grounds of the caveat and the attack made in the equitable petition upon the deed. B and C entered into an agreement wherein it was stipulated that C would assist B in the litigation referred to, to the "extent of remaining non-committal," and "not to volunteer any information or assistance to the other side who were contesting the will," and A agreed, upon the termination of the litigation in the event the issue of the same was favorable to him, to convey to C a certain valuable plantation or to pay him the value thereof. The litigation resulted favorably to A. A failing to convey to C the plantation or to pay him the value thereof, C brought suit to enforce the contract. *Held,* that the court did not err in sustaining a general de-

murrer to the petition upon the ground that the contract, to enforce which the suit was brought, was void as being contrary to public policy.

Submitted January 21,—Decided June 26, 1909.

Complaint. Before Judge Worley. Warren superior court. April 9, 1908.

*William H. Fleming,* for plaintiff.

*Lamar & Callaway* and *John T. West,* for defendant.

BECK, J. A. M. Lazenby brought suit upon account against R. A. Lazenby. Upon demurrer calling for particulars, the plaintiff filed an amendment, the material portion of which is in substance as follows: R. A. Lazenby was the grantee in a deed from R. H. P. Lazenby, conveying property of a large value, and he was also the chief beneficiary named in the will of R. H. P. Lazenby, and was also sole executor of the will, although not closely related to the testator, nor was he an heir at law; but he "had for some time exercised strong influence over the weak and vacillating mind of R. H. P. Lazenby, who was old and infirm, being at times capable of making a deed or will and at other times incapable." The heirs at law of R. H. P. Lazenby filed their caveat to the probate of the will, upon the grounds, of a lack of testamentary capacity; of undue influence exercised over the testator by the said R. A. Lazenby; of fraudulent practices upon the fears, affections, and sympathies of the testator by the beneficiary. The heirs also filed a petition against R. A. Lazenby, attacking the deed mentioned, on grounds similar to those set out in the caveat. At the January term, 1905, the ordinary rendered judgment sustaining the will, and the caveators appealed the case to the superior court. The petitioner was a third cousin but not an heir at law of R. H. P. Lazenby. The last named, a short time before his death, made known to the plaintiff his desire and intention to give him a certain plantation, and at the time offered to send for a lawyer and have a deed executed to plaintiff, conveying the plantation, if he would remain at R. H. P. Lazenby's home until the next day. Soon after the contest began over the will of R. H. P. Lazenby, the defendant in this case, knowing and admitting that R. H. P. Lazenby had intended to give plaintiff the farm above referred to, valued then at $4,000, but now at $6,000, agreed to execute to plaintiff a deed to the farm or to pay him the value thereof in money in case he should win in the contest raised by the caveat to the will, and would make

said payment as soon as that case came to a close; "the condition and consideration of this agreement being that plaintiff should take no part in securing evidence against him, but that plaintiff should remain non-committal." In this suit the plaintiff has elected to take the money instead of the realty. At the time of entering into the agreement the defendant endeavored to induce the plaintiff to "agree to testify to nothing whatever that would injure his case in court, and to refuse to testify at all. But plaintiff would not agree to this request, knowing that if he was called upon in a legal way to testify, it would be his duty to tell the truth whatever it might be; but plaintiff did agree with R. A. Lazenby not to volunteer any information or assistance to the other side who were contesting the will, but to assist him to the extent of remaining non-committal in said matter, and, in consideration thereof," entered into the agreement above stated. The plaintiff faithfully performed his obligation and remained non-committal, "and did refuse to volunteer any information in his possession, although the caveators of the will sought to get information from him bearing on the contest over the will—which information this plaintiff did not consider himself under any obligation, either legal or moral, to volunteer to give, although if placed on the stand he would have sworn to the truth." Subsequently to the termination of the litigation over the will and the deed, which resulted favorably to R. A. Lazenby in August, 1905, R. A. Lazenby recognized the contract as made, but failed to perform his part of the agreement after having made various promises in regard thereto. The plaintiff insists that the contract as set out was based upon good and valuable consideration. After the amendment was allowed, the defendant demurred on several grounds, among others, that the petition as amended sets forth no cause of action; that it appears from the amendment that the consideration of the alleged agreement was illegal and contrary to public policy; and that the alleged agreement, if supported by any consideration, was for the purpose of suppressing testimony in a case or cases then pending in the courts of this State, thus tending to obstruct the administration of justice, and was and is contrary to public policy, illegal, and void. The court sustained the demurrer generally.

We are of the opinion that the judgment of the court might have been safely based upon either of the several grounds in the demur-

rer which we have set forth above. Clearly the court was right in holding that such a contract as that stated in the petition is contrary to public policy, illegal and void. If it is not a contract in terms to suppress testimony, it is closely akin to such a contract— so closely akin that it falls under the condemnation which the law pronounces against contracts entered into for the purpose of suppressing testimony. It was a contract which offered to the plaintiff every inducement to suppress facts which were in his possession, and which if made known would have tended to prevent that result to the litigation inuring to his advantage. If it was right and commendable in plaintiff, when he knew that his testimony was needed to establish the rights of others, to agree to keep silent, why would it have been wrong for him to have pledged his efforts for a sufficient consideration to induce some other witness to keep silent? An agreement to keep silent yourself and an agreement to induce some one else to remain silent may not be identically the same in law under all circumstances, but the two contracts have a very similar moral flavor; and the effect of the plaintiff's remaining silent, whereby he complied with the terms of the agreement he had entered into, was exactly the same as if he had induced some other witness, who was in possession of the same information as himself, to remain silent, under the facts set forth in this petition. For it will be borne in mind that, according to the allegations of his petition, he not only remained "non-committal, and did refuse to volunteer any information in his possession," but, "although the caveators of the will sought to get information from him bearing on the contest over the will," he gave them none but withheld the facts in his possession—facts which were of vast importance to the heirs at law in their efforts to assert their rights, and of vast importance to the beneficiary of a will made by a man who was old and infirm and in such a mental condition for some time before his death that the plaintiff, according to his own showing in this petition, did not attach much importance to the old man's offer to execute a deed conveying to him a plantation of the value of $4,000. "The courts have not hesitated to declare illegal as against public policy all contracts which involve anything inconsistent with the impartial course of the administration of public justice, regardless of the good faith or the intent of the parties at the time when the contract was entered into, or the fact that no

evil resulted by or through the contract." 15 Am. & Eng. Enc. Law (2d ed.), 977. "A contract having for its object the suppression of evidence is illegal, irrespective of whether the evidence relates to a criminal prosecution or a civil proceeding." Id. 977. See also cases illustrative of the text from which the foregoing extracts are taken. Many cases are cited in the brief of counsel for the defendant in error which tend to support us in the view taken in this case, but we deem it unnecessary to make an abstract of them here, or even to cite them, as they can easily be found in the encyclopedias and in text-books on the subject of contracts, under appropriate subdivisions of the subject of illegal contracts.

There is but one way in which to construe this contract so as to hold it innocent and not obnoxious to the law declaring certain contracts void as against public policy, and that is, to hold that the contract is absolutely negative so far as it relates to anything to be done, given, or suffered by the plaintiff; and if the contract can be so construed as to permit us to hold that under the terms thereof the plaintiff in this case was to do nothing, give nothing, or suffer nothing, then the contract was absolutely without consideration, and the general demurrer should have been sustained upon that ground. Whether this innocent construction can be put upon the contract or not, the court did not err in sustaining the general demurrer in the case.

It is unnecessary to discuss the question as to whether or not, if the defendant, R. A. Lazenby, had agreed, in view of the expressed desire and intention of R. H. P. Lazenby to give a plantation to his kinsman, the plaintiff, to convey, in order to carry out the desire and intention of R. H. P. Lazenby, that plantation to A. M. Lazenby, such a contract would have been enforceable as containing a consideration which was good because of the strong moral obligation of R. A. Lazenby to give effect to the known and expressed desire and intention of R. H. P. Lazenby to give to a relative; because this suit is brought to enforce a contract based upon a consideration which we have held to be void, and is not based upon such a contract as that last supposed.

*Judgment affirmed. All the Justices concur.*